## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>HAIMARK LINE, LTD.,<br><br>              Debtor | Case No. 15-22180-JGR<br><br>Chapter 11 |

### MOTION OF ROAD SCHOLAR
### PURSUANT TO 11 U.S.C. § 365 FOR ORDER TO COMPEL
### REJECTION OF CERTAIN EXECUTORY CONTRACTS

Elderhostel, Inc. d/b/a Road Scholar ("Road Scholar") respectfully moves this Honorable Court, pursuant to 11 U.S.C. § 365(d)(2), for an Order to compel Haimark Line, Ltd., ("Haimark" or "Debtor") to reject that certain executory contracts between the parties. By its Motion, Road Scholar seeks an order compelling the Debtor to reject a certain group travel contracts and charter agreements (as described below) whereby the Debtor agreed to, among other things, provide and guarantee to Road Scholar specific allocations of cabin space for travel on a specific vessel, the MS Saint Laurent (as described below), in connection with Road Scholar's providing of travel services to its clients.

The Debtor has already moved to reject its contract with the owner of the MS Saint Laurent (the "Motion to Reject St. Laurent Agreement") [Dkt# 16] and the Court approved such rejection on December 8, 2015 [Dkt#81]. Road Scholar's contracts with the Debtor expressly require that the Debtor provide accommodations for Road Scholar's clients on the MS Saint Laurent and no other vessel. That is what Road Scholar and its clients have paid for. Because the Debtor has rejected its agreement with the owner of the MS Saint Laurent, the Debtor's performance under its agreements with Road Scholar is now impossible.

{Z0090227/1 }

Road Scholar needs an immediate determination that the Debtor must reject its agreements with Road Scholar to allow Road Scholar to take all necessary steps to secure alternate arrangements to meet its obligations to its clients. Each day that the Debtor delays in its decision, Road Scholar is prevented from making those arrangements. It is in the estate's best interest to compel the immediate rejection of the Debtor's contracts with Road Scholar, a contract that the Debtor has rendered impossible to perform by the filing of its Motion to Reject the Clipper Agreement. Given the impossibility of performance, it seems most likely that the Debtor must move to reject the contracts with Road Scholar.

Undersigned counsel has contacted counsel for the Debtor Haimark inquiring as to the Debtor's position on the relief sought herein. Debtor's counsel has advised the undersigned that he has not yet received a position from the Debtor in regard to the relief sought by Road Scholar. In support of its Motion, Road Scholar respectfully states as follows:

## JURISDICTION AND VENUE

1.  This is a contested matter brought pursuant to Bankruptcy Rule 9014 and § 365 of the Bankruptcy Code. Jurisdiction is proper under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157.

## BACKGROUND

2.  On October 15, 2015 (the "Petition Date"), the Debtor commenced its Chapter 11 bankruptcy case by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code, § 101, *et seq.* (the "Bankruptcy Code"). The Debtor continues to manage its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.  Prior to the Petition Date, the Debtor entered into certain group agreements and charter agreements (collectively "Agreements") with Road Scholar pursuant to which the Debtor

is required to provide certain group space on a board a vessel specified in the contract and commonly known as the MS Saint Laurent (the "MS Saint Laurent"). True, correct and complete copies of the Agreements are attached hereto as Exhibits 1-5. Under the Agreements, the Debtor was obligated to, among other things, ensure that Road Scholar's clients had allocated cabin space aboard the MS Saint Laurent in connection with a number of round trip group travel programs (the "Group Programs") between various ports commencing in 2016. The first of these remaining Group Programs is scheduled to depart on March 9, 2016. The Agreements expressly contemplate that the Debtor will charter and provide space for Road Scholar's clients on the Saint Laurent. See, Exhibits 1 -5 attached thereto.

4. In addition, prior to the Petition Date, the Debtor entered into that certain Time-Charterparty Agreement dated July 22, 2014 (as amended, the "Saint Laurent Agreement") with Clipper Cruises, Ltd. ("Clipper Cruises"), by which the Debtor chartered the MS Laurent (f/k/a the M/V Sea Voyager) from its owner, Clipper Cruises, for a period of sixty (60) months commencing on or about May 10, 2015. A true, correct and complete copy of the Saint Laurent Agreement was attached as Exhibit A to the Motion to Reject the Saint Laurent Agreement [Dkt# 16].

5. On November 17, 2015, the Debtor filed its Motion to Reject the Saint Laurent Agreement [Dkt#16]. Pursuant to that motion, the Debtor has determined that, in order to reduce expenses, it is in the best interest of the estate to reject the Saint Laurent Agreement. The Debtor apparently intends to "negotiate an agreement for a new ship, or negotiate a new agreement for the [Saint Laurent] on terms more favorable to the Debtor . . . ." Motion to Reject the Saint Laurent Agreement, ¶ 6.

6. Road Scholar does not have the luxury of time to allow the Debtor to negotiate a new agreement or renegotiate with Clipper Cruises with respect to the Saint Laurent Agreement while navigating the bankruptcy process. Road Scholar has immediately pending obligations to its customers that it must meet at the risk of suffering grave financial and operational consequences.

7. Accordingly, Road Scholar hereby requests that the Court compel the Debtor's immediate rejection of the Agreements to allow Road Scholar to seek its own resolution to the problems created by the Debtor's proposed rejection of the Saint Laurent Agreement.[1]

## LEGAL ARGUMENT

**A. The Agreements are an Executory Contract That The Debtor May Reject Under Section 365 of The Bankruptcy Code.**

8. As a foundational matter, the Agreements are an executory contract that the Debtor can reject pursuant to Section 365. The Agreements were not terminated prepetition and both parties to the Agreements have mutual, material ongoing obligations in the post-petition period.

9. It is well-settled that section 365(a) of the Bankruptcy Code authorizes a debtor-in-possession to reject its obligations under an executory contract or unexpired lease, such as the Agreements. *See Schlumberger Res. Mgmt. Servs. v. CellNet Data Sys. (In re CellNet Data Sys.)*, 327 F.3d 242, 246 (3d Cir. 2003); *see also In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998) (holding that the authority to reject certain contracts is essential to the bankruptcy process and provides a mechanism through which extreme economic burdens may be alleviated while the debtor attempts to reorganize).

---

[1] Upon Rejection, Road Scholar reserves all of its rights and claims against the Debtor, including, without limitation, any rights, claims and defenses arising from, or related to, the Agreements.

10. While the Bankruptcy Code does not define what is or is not an "executory contract" most courts subscribe to the so-called Countryman test that looks to whether "the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other. Vern Countryman, *Executory Contracts in Bankruptcy*, Part 1, 57 Minn. L. Rev. 439, 446 (1973).

11. Under the Agreements, the Debtor has ongoing, material obligations to perform in providing the required arrangements in accordance with the Agreements and Road Scholar has outstanding payment obligations. The fact that both parties have outstanding, unperformed obligations, clearly places the Agreements within the definition of executory contracts.

12. Because the Agreements are executory contracts, the Debtor has the right to reject the Agreements under Section 365.

**B.** **The Debtor Should be Compelled to Reject the Agreements Pursuant to 11 U.S.C. § 365.**

13. While, generally, a trustee or debtor-in-possession is granted breathing space within which to make its determinations on the assumption or rejection of leases and executory contracts, such latitude is not without limits. 11 U.S.C. § 365 provides in relevant part;

> In a case under chapter [11] of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365(d)(2)

14. Thus, § 365(d)(2) expressly grants a party like Road Scholar the right to compel the Debtor to make a determination regarding assumption or rejection within a specified time.

15. A court must balance the equities between the debtor and the moving party to determine if relief is appropriate under § 365(d)(2). See, e.g., *In re Mayer Pollock Steel Corp.,* 157 B.R. 952 (Bankr. E.D. Pa. 1993).

16. Under the present facts, the equities weigh in favor of granting Road Scholar's Motion to compel the Debtor to make an immediate determination regarding assumption or rejection of the Agreements. Road Scholar needs to move immediately to find an alternate solution to its obligations to its clients, the first of which is due to sail in less than sixty (60) days. As the Court can no doubt appreciate, securing an alternate vessel or otherwise meeting Road Scholar's client obligations is a complicated process in a market without plentiful alternatives.

17. Conversely, the Debtor apparently has, at least implicitly determined that the Agreements are not necessary for an effective reorganization by its decision to reject the Saint Laurent Agreement; the charter of the Saint Laurent is central to the Debtor's ability to perform under the AgreementS. The Agreements require that the Debtor provide space on the Saint Laurent and makes no provision for the charter or use of any other vessel. By compelling the rejection of the Agreements, the Court will not be depriving the estate of a desired asset, will be sparing the estate from continuing exposure to accruing administrative expenses and other claims, and will be allowing Road Scholar, the non-debtor party to the Agreements, to work to meet its obligations to its clients. The Debtor should not be allowed to force Road Scholar to wait any longer to get secure alternate charter arrangements. Permitting the Debtor to delay the rejection decision will cause real and unnecessary economic harm to Road Scholar while exposing the estate needlessly to accruing claims.

18.     On balance, the equities clearly favor an immediate rejection of the Agreements by the Debtor.

## CONCLUSION

WHEREFORE, Road Scholar respectfully requests that the Bankruptcy Court should (i) compel the Debtor to reject the Agreements immediately and (ii) grant such other relief that the Bankruptcy Court deems just and proper.

Dated this 20th day of January, 2016.

Respectfully Submitted

By: */s/ John F. Young*
John F. Young (#26989)
James T. Markus (#25065)
MARKUS WILLIAMS YOUNG
& ZIMMERMANN LLC
1700 Lincoln Street, Suite 4550
Denver, CO 80203
Phone: (303) 866-0102
Fax: (303) 830-0809

*Counsel to Elderhostel, Inc., d/b/a Road Scholar*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of January, 2016, I served a true and correct copy of the **MOTION OF ROAD SCHOLAR PURSUANT TO 11 U.S.C. § 365 FOR ORDER TO COMPEL REJECTION OF CERTAIN EXECUTORY CONTRACTS** and a copy of the proposed order via the Court's CM/EFC electronic mail and by placing a copy in the U.S. Mail, postage prepaid, to the parities who have entered an appearance.

**Duncan E. Barber**
4582 S. Ulster St. Pkwy., Ste. 1650
Denver, CO 80237

**Jeffrey S. Brinen**
1660 Lincoln St., Ste. 1850
Denver, CO 80264

**Daniel J. Morse**
308 W. 21st St., Ste. 203
Cheyenne, WY 82001

**John C. Smiley**
600 17th St., Ste. 1800-S
Denver, CO 80202

**Torben Welch**
1430 Wynkoop St., Ste. 400
Denver, CO 80202

**Ethan Birnberg**
600 17th St., Ste. 1800 South
Denver, CO 80202

**Daniel Glasser**
2000 S. Colorado Blvd.
Tower I, Suite 7500
Denver, CO 80222

**Benjamin H. Shloss**
1660 Lincoln St., Ste. 1850
Denver, CO 80264

**Edward P. Timmins**
450 E. 17th Ave., Ste. 210
Denver, CO 80203

                                              */s/Jenny F. Tokuoka*