UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 15-22180-JGR |
| HAIMARK LINE, LTD. | ) | |
| EIN:   46-5744608 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## OBJECTION TO ALEXANDER + ROBERTS' MOTION FOR ORDER TO COMPEL REJECTION OF CERTAIN EXECUTORY CONTRACTS

The Debtor, Haimark Line, Ltd. (the "Debtor"), by and through its attorneys, Kutner Brinen Garber, P.C., hereby objects to Alexander + Roberts' Motion for Order to Compel Rejection of Certain Executory Contracts (the "Motion"), and as grounds therefor states as follows:

### BACKGROUND

1.      The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on October 30, 2015 (the "Petition Date"), and remains a Debtor in Possession.

2.      The Debtor owns and operates a cruise line based out of Lakewood, Colorado.

3.      Prior to the Petition Date, the Debtor was a party to a Time-Charterparty Agreement (the "Charter Agreement") with Clipper Cruises, Ltd. ("Clipper") for the Debtor to charter a ship commonly known as the MS Saint Laurent (the "Ship") from Clipper, which is the owner of the Ship. The Debtor used the Ship in the operation of its cruise line.

4.      In order to sell its cruises to passengers, the Debtor would often enter into agreements with tour operators. Pursuant to these agreements, the Debtor would provide the tour operator with an allotment of cabins on a cruise for the tour operator to sell to its customers.

5.      One of the tour operators the Debtor contracted with is General Tours, Inc. d/b/a Alexander + Roberts ("Alexander"). Prior to the Petition Date, on or about November 6, 2014, June 26, 2015, and July 23, 2015, the Debtor and Alexander entered into three (3) Group Agreements (collectively the "Agreements" and each individually as an "Agreement") for the Debtor to provide an allotment of cabins on certain cruises to Alexander for Alexander to sell to its customers. A chart showing the dates of a cruise subject to an Agreement, the date of the Agreement that effects the cruise, the number of cabins allocated to Alexander to sell to its

customers for the cruise, and the anticipated gross amount of revenue generated by the Debtor from the cabins allocated to Alexander to sell for the cruise follows:

| Dates of Cruise | Date of Agreement | No. of Cabins Allocated | Revenue to Debtor |
|---|---|---|---|
| 2/29/2016-3/9/2016 | 7/23/2015 | 25 | $207,447.50 |
| 4/5/2016-4/14/2016 | 7/23/2015 | 25 | $207,447.50 |
| 4/14/2016-4/23/2016 | 7/23/2015 | 25 | $207,447.50 |
| 6/2/2016-6/11/2016 | 6/26/2015 | 30 | $248,521.00 |
| 7/26/2016-8/4/2016 | 11/6/2014 | 30 | $253,591.00 |
| 8/13/2016-8/22/2016 | 11/6/2014 | 30 | $253,591.00 |
| 12/30/2016-1/8/2017 | 7/23/2015 | 25 | $207,447.50 |
| TOTAL | | 190 | $1,585,493.00 |

6.       Shortly after the Petition Date, the Debtor moved to reject the Charter Agreement. The Court approved the Debtor's rejection of the Charter Agreement on December 8, 2015.

7.       On January 12, 2016, Alexander filed the Motion seeking to have the Court compel the Debtor to reject the Agreements.

8.       The Debtor is in the process of finalizing the sale of its stock, along with the stock in related businesses that all operate under a shared services agreement with Haimark, Ltd., to VC2 Capital ("VC2"), a Los Angeles-based merchant bank and financial advisory firm focused on small and middle market companies.

9.       VC2 is in negotiations with Clipper to purchase the Ship to use for the Debtor's future cruises.  VC2 intends for the Debtor to continue to operate its cruises.

10.       The Debtor desires to reject the Agreements with respect to the cruise scheduled to begin on February 29, 2016, and has notified Alexander it would enter into a stipulation with Alexander regarding such rejection; however, the Debtor desires to retain the Agreements with respect to the other cruises to provide the Debtor with an opportunity to utilize the Agreements to generate revenue which can be used to fund a plan and pay creditors.

## OBJECTION

11.       The Debtor objects to the Motion and to being compelled to reject the Agreements.  The Agreements are valuable assets of the Debtor's bankruptcy estate which can be used to generate revenue to fund a plan and pay creditors.

12.       Not including the cruise scheduled for February 29, 2016, the anticipated gross revenue for the Debtor from the Agreements is $1,378,045.50.  This revenue, after payment of expenses, could be used to fund a plan and pay creditors.  If the Agreements are rejected, the Debtor would lose the ability to generate such revenue.  The result of the lost revenue would be

2

to harm all creditors since it would reduce the amount of funds the Debtor will have available to fund a plan and pay creditors.

13.     Considering the ongoing negotiations between CV2 and Clipper regarding the Ship, there is a likelihood that the Ship will be available to be used for the cruises, not including the cruise scheduled to begin on February 29, 2016, that are the subject of the Agreements.  In the alternative, the Debtor and CV2 are looking into obtaining a similar ship that can be used for the cruises to allow the cruises to go forward as scheduled.

14.     Compelling the Debtor to reject the Agreements now would remove valuable assets from the estate and would make it so that the Debtor cannot utilize the revenue derived from the Agreements to fund a plan and pay creditors.

15.     As a result, it is in the best interests of the Debtor, the estate, and all creditors for the Motion to be denied and for the Debtor to retain the Agreements.

WHEREFORE, the Debtor prays that the Court make and enter an Order denying the Motion, and for such further and additional relief as to the Court may appear appropriate.

Dated: January 27, 2016 ·                        Respectfully submitted,

                                                By:_____
                                                    Jeffrey S. Brinen #20565
                                                    Benjamin H. Shloss, #39276
                                                    **KUTNER BRINEN GARBER, P.C.**
                                                    1660 Lincoln Street, Suite 1850
                                                    Denver, CO 80264
                                                    Telephone:  (303) 832-2400
                                                    Telecopy: (303) 832-1510
                                                    E-Mail: jsb@kutnerlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 27, 2016, I served by prepaid first class mail a copy **OBJECTION TO ALEXANDER + ROBERTS' MOTION FOR ORDER TO COMPEL REJECTION OF CERTAIN EXECUTORY CONTRACTS** in accordance with FED. R. BANKR. P. 2002 and 11 U.S.C. § 342(c) (if applicable) on all interested parties the movant mailed the foregoing to the following addresses:

Daniel Glasser, Esq.
2000 S. Colorado Blvd.
Tower I
Suite 7500
Denver, CO 80222

Daniel J. Morse, Esq.
308 W. 21st St.
Ste. 203
Cheyenne, WY 82001                                    *s/ Angela R. Upton*___
                                                      Angela R. Upton