# EXHIBIT A

# Chief Liquidation Officer Agreement

This Agreement, dated and entered into this [ 6 ] day of June, 2016, by and between **Haimark Line, Ltd** ("**Client**"), and Paul Abramowitz ("**Abramowitz**"), which sets forth the terms and conditions of the business relationship of the parties hereto.

WHEREAS, Client filed a voluntary chapter 11 bankruptcy petition on October 30, 2015 in the United States Bankruptcy Court for the District of Colorado (the "**Bankruptcy Court**"). Client's case remains pending under Case No. 15-22180-JGR (the "**Bankruptcy Case**"). Client continues to manage its business and property as a debtor in possession.

WHEREAS, Client has resolved its dispute with its largest creditor, Clipper Cruises, Ltd. and seeks to wind down its business in an orderly fashion and make distributions to creditors.

WHEREAS, Client desires to have Abramowitz serve in the capacity of Chief Liquidation Officer ("**CLO**") to perform certain services necessary to effectuate the wind-down of Client's business, as described more specifically before.

NOW, THEREFORE, Client and Abramowitz hereby enter into this Agreement governing the scope and terms of Abramowitz's role as CLO.

## 1. Liquidation Management Services

**1.1 Access to Information and Cooperation.** Client shall provide Abramowitz and his designees full and complete access to all available information concerning Client's business operations. Client agrees that it will collaborate with Abramowitz to determine an appropriate strategy and plan for winding down Client's business and making distributions to creditors. Client will cooperate fully with Abramowitz on his work.

**1.2 Scope**. (1) Specifically, Client is seeking to have Abramowitz serve in the capacity of *Chief Liquidation Officer*. Abramowitz shall be authorized, empowered and directed by corporate action of the Client, to undertake such actions that Abramowitz, in his business judgment, deems necessary, appropriate and in the best interests of the Client, including, but not limited to, the following:

a) Manage and supervise all activities to comport with the requirements of the Bankruptcy Code and the Local Rules and the express dictates of the Bankruptcy Court.
b) Manage and control all disbursements, the purchase of goods and services and all activities relating to Client's ability to incur financial obligations, if applicable.
c) Supervise and retain other professionals such as Debtor's counsel, accountants, and any claims agent to assist in the liquidation and disposal of the assets of Client's business for the purpose of satisfying the allowed in the claims allowed in the bankruptcy case.
d) Manage the communication with creditors and other constituencies of the Client regarding modification, settlement or other liquidation issues.
e) Lead the implementation of Client's liquidating plan, if applicable.
f) Make final decisions as to the hiring, retention and termination of all financial advisors, legal counsel, consultants, and accountants to assist in the execution of a liquidating plan, if necessary.
g) Oversee Client's cash financial functions order to maintain adequate liquidity to allow execution of a liquidating plan or other liquidation process.

## 2. Compensation

**2.1 Monthly Fees.** Client shall pay Abramowitz for his services at the rate of $20,000 per month.

**2.2 Costs.** Client shall reimburse Abramowitz for reasonable out of pocket costs incurred in connection with his role as CLO.

## 3. Other Business Terms

**3.1 Bankruptcy Court Approval.** It is understood that this Agreement is subject to approval by the Bankruptcy Court and shall be null and void if not approved. As soon as practicable after the execution of this Agreement, Client shall file a motion seeking approval of the Agreement and authority to employ Abramowitz.

**3.2 Term.** This Agreement shall expire upon the earlier of: (i) the Effective Date of Client's chapter 11 plan of liquidation, if any, or (ii) December 31, 2016.

**3.3 Termination.** Either party may terminate this Agreement upon ten (10) days written notice. Upon termination, Client shall be obligated to pay to Abramowitz any portion of Abramowitz's fees that have been earned in part or in full but remain unpaid at the time of such termination.

**3.4 Indemnification**. Subject to approval by the Bankruptcy Court, the Debtor's estate shall indemnify Abramowitz from and against all claims, liabilities, losses, expenses, legal fees, costs, and expenses incurred, appertaining or arising therefrom and the defense thereof, and actual damages arising out of the engagement that is the subject of this Agreement; *provided*, *however*, that the Debtor shall have no obligation to indemnify Abramowitz for or against any claims, liabilities, losses, expenses, or actual damages arising out of Abramowitz's actual or alleged gross negligence or willful or intentional misconduct.

**3.5** The parties agree that any and all disputes between them, and any claim by either party that cannot be amicably settled, including but not limited to claims of fraud in the inducement, shall be determined solely and exclusively by the Bankruptcy Court and construed in accordance with Colorado law.

**3.6** Client acknowledges that it is entering into this Agreement without any promises or representations by Abramowitz or any third party as to the actual results that will be achieved by Abramowitz or through this engagement.

**3.7** There shall be no changes or modifications to this Agreement, and none shall be implied or binding, unless both parties agree to such changes or modifications in writing.

**3.8** Facsimile copies of this Agreement, signed in counterpart, shall be considered for all purposes, including delivery, the same as originals.

**3.9** The provisions of this Agreement shall, where it is reasonably anticipated to fulfill their essential or intended purpose, survive the expiration period of this Agreement, including any extensions hereof.

**3.10** This Agreement embodies the whole and entire agreement between Client and Abramowitz. There are no promises; terms, conditions or obligations other than those contained herein. This Agreement shall supersede all previous agreements, communications and representations made by or between the parties with or to one another.

[SIGNATURE PAGE TO CHIEF LIQUIDATION OFFICER AGREEMENT]

**ABRAMOWITZ**
***Paul Abramowitz***

***By:*** ______________________
***Paul Abramowitz***

**CLIENT**
***Haimark Line, Ltd.***

***By:*** ______________________
***Name: Adam Levin***
***Its: Chief Executive Officer***